IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WHITE | § § | CIVIL ACTION NO. _____ |
| VS. | § § | Judge _____ |
| OMEGA PROTEIN CORPORATION | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.      Plaintiff, Christopher E. White, is an individual that is a citizen of the State of Texas.

2.      Defendant, Omega Protein Corporation ("Omega"), is a foreign corporation doing business in the State of Texas.  Omega may be served with process by delivery to its registered agent in Texas, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

### B. Jurisdiction

3.      The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on disability pursuant to 42 U.S.C. §12112.

### C. Venue

4.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant from a location at Jack Brooks Regional Airport in Nederland, Texas, which is within this district.  The unlawful employment practices occurred at that location.

### D. Exhaustion of Administrative Remedies

5.      Plaintiff timely filed a charge of discrimination against defendant with the Equal

Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

E. Background

6.      On or about April 9, 2012, plaintiff began working for defendant as a Gulf Fish Spotter.  Plaintiff's job as a spotter required him to fly a plane and spot schools of fish for defendant's fishing boats working in Gulf waters. While in the air, plaintiff developed stomach and chest pains, which were so severe they required him to land. Plaintiff began to seek medical help, and his condition was later identified as aerophagia. Plaintiff kept his supervisors and defendant's Human Resource staff aware of his condition and treatment. Prior to the July 4, 2012 holiday, plaintiff had another episode. Defendant told him to take four days off work, but with a supervisor's warning that if it happened again, he would be fired. After returning to work, plaintiff became light-headed and dizzy while in the air and momentarily lost consciousness prior to recovering sufficiently to land his plane safely.

7.      Defendant provides short-term disability for pilots in the event they have a medical condition preventing them from flying. Plaintiff's contract, attached to this complaint as Exhibit B, provided details of the disability plan. *(See* Exhibit B, page 6, Disability Plan).

8.      Plaintiff was terminated on July 9, 2012. Plaintiff sought to activate the disability plan of his employment contract until he could finish his treatment with his medical providers. During this time, medical providers were treating plaintiff in an effort to fully identify and control his condition so that plaintiff's work as a pilot could be properly and safely accommodated.  Defendant denied plaintiff the provisions of its disability plan.

2

## F. Causes of Action

### American with Disabilities Act Violations

9.      Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). 42 U.S.C. §§12102, 12111(8). Plaintiff suffers from aerophagia. Plaintiff is otherwise qualified to perform the essential functions of pilot.

10.     Plaintiff is an employee within the meaning of the ADA. 42 U.S.C. §12111(4).

11.     Defendant violated the ADA by intentionally discriminating against plaintiff on the basis of his disability.

12.     Defendant provides short term disability for pilots in the event they have a medical condition preventing them from flying.

13.     Plaintiff developed a medical condition which limited his ability to fly.  Plaintiff advised defendant of the condition, and advised defendant he was seeking medical help to treat the condition to accommodate his flying.

14.     Defendant terminated plaintiff on July 9, 2012. Plaintiff sought to use the disability plan provided by his employment contract until he could finish his treatment with his medical providers. Defendant denied plaintiff the provisions of its disability plan.

### Retaliation Under ADA

15.     Defendant unlawfully retaliated against plaintiff because he opposed a practice made unlawful by the ADA.  Plaintiff reported to defendant his opposition to its unlawful discrimination based on disability.  Plaintiff's opposition to the practice was a protected activity under the ADA, 42 U.S.C. § 12203(a). Defendant subjected plaintiff to an adverse employment action by denying him appropriate benefits and terminating his employment. A causal link exists between the protected activity and defendant's action.  Any other

3

reasons by defendant for the adverse employment action are merely pretexts.

## Breach of Contract

16.     In April of 2012, plaintiff and defendant executed a written contract. A copy of the

contract is attached as Exhibit B. The contract provided that plaintiff would work for

defendant as a Spotter and defendant would provide pay and benefits to plaintiff, including

specifically, a temporary or short-term disability plan. (See Exhibit B, page 6.) Plaintiff has

performed his obligations under the contract. Defendant, however, has not performed its

contractual obligations. Specifically, defendant has not provided contractual benefits,

including continued employment, pay and benefits of the temporary disability plan.

Defendant's nonperformance is a breach of the parties' contract. Defendant's breach

caused plaintiff injury.

## G. Damages

## Damages Under ADA

17.     Pursuant to 42 U.S.C.§ 12117(a) and 42 U.S.C. § 12203(c), the ADA provides for

relief as set forth in Title VII, 42 U.S.C. § 2000e-5.

18.     As a direct and proximate result of defendant's conduct, plaintiff has suffered

damages and losses entitling him to the following remedies:

   a.   Back pay, including that amount of wages and employment benefits plaintiff
        would have earned if he had not been subjected to defendant employer's
        unlawful conduct less any wages, unemployment compensation benefits, or
        worker's compensation benefits he received in the interim.   ("Employment
        benefits" include sick leave pay, vacation pay, profit sharing benefits, stock
        options, pension fund benefits, housing or transportation subsidies, bonuses,
        monetary loses incurred as a result of loss of health, life, dental, or similar
        insurance coverage.);

   b.   Reinstatement;

4

c.    Front pay, if reinstatement is inappropriate.

d.    Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

e.    Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## Attorney Fees

19.    Plaintiff is entitled to an award of attorney fees, including expert fees and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## Additional or Exemplary Damages

20.    In addition to the previously alleged damages, plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and/or with a purpose to injure plaintiff.

## Breach of Contract Damages

21.    As a direct and proximate result of defendant's breach of contract, plaintiff suffered the following damages:

a.    Expectancy damages, in the form of plaintiff's anticipated receipts under the contract, plus any consequential losses plaintiff incurred because of the breach, minus any cost or loss plaintiff avoided by not having to perform his duties under the contract.  Plaintiff's consequential losses include profits plaintiff would have made under the contract based on catch per week and bonuses, and pay provided for under the temporary disability clause.

b.    Reasonable expenses in reliance on defendant's performance of the contract, including   expenses plaintiff incurred by quitting his prior employment and relocating himself and his family in order to work for defendant.

## Attorney Fees

22.    As a result of defendant's breach, plaintiff retained an attorney and seeks

reimbursement for his reasonable attorney fees, as authorized by Texas Civil Practice & Remedies Code Chapter 38.

## H. Jury Demand

23.     Plaintiff requests a trial by jury.

## I. Prayer

24.     For these reasons, plaintiff asks for judgment against defendant for the following:

    a.     Reinstatement to his prior job and position;

    b.     Back pay and front pay, including all employment benefits;

    c.     Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    d.     Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    e.     Expectation damages;

    f.     Reliance expenses;

    g.     Attorney fees and courts costs; and

    h.     All other relief the Court deems appropriate, at law and in equity.

             Respectfully submitted,

             BUSH LEWIS, PLLC
             595 Orleans Street, Suite 500
             Beaumont, TX 77701
             409/835-3521
             409/835-4194 (Fax)

By:   _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

7